O’Neall, J.
.delivered the opinion of the Court.
In this case, the ground of the motion for a new trial, involve» two inquiries : 1st. Whether the agent, Martin, had the right to rescind the contract. 2d. Whether the disease was such a de-fecl, as would authorize the jury lo find for the defendant.
Upon the first, I have little to add to what was said by the presiding .Judge in hi's charge to the jury. Martin was the agent of the plaintiff to effect a sale ; but after he had sold and delivered the defendant’s note to the plaintiff, his agency ceas; d. To bind his principal, his act ought to have been done during his agency, and within the authority which it conferred on him.' If he acted without, or exceeded the power conferred on him by his principal, it was not binding on the plaiiitifE The defendant, for redress for the unauthorized act of Martin, must look to him. If it had appeared, that Martin had restored the possession of the negro to the plaintiff, and that he had accepted her, or had in any way authorized the rescission of the contract, or affirmed it after it was done, I should have held him bound by it. But there was no such evidence, and Martin must be held to have acted of his own mere motion, unless the contrary appear.
2d. In order t.o rescind a contract on the ground of failure of consideration, arising out of a breach of the implied warranty, in sales of personal property, “ that a sound price warrants a sound commodity,” it ought to appear, that at the time of the sale, the property sold was subject to some permanent physical defect, calculated materially to affect its value. If the defect is a slight one, not materially diminishing the value of the property, it is no ground of rescission. In the case before us, the disease was one easily removed by medical treatment, and only diminished the value of the property to the amount of the physician’s bill. It was, therefore, not such a permanent phy- *651 aical defect, as would authorize the jury .to rescind the contract. The verdict is, therefore, against law, and evidence, and the motion for a new trial is granted.
Johnson, J. and Colcock, J. concurred.
Motion granted.